UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPO FRESH, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>WESTERN REPACKING, LLP, et al.,<br><br>                              Defendant. | Case No.: 16cv1881-LAB (BLM)<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE RESPONSE DEADLINE ; AND**<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY** |

After Plaintiff filed its amended complaint, the parties jointly moved to continue the response deadline. (Docket no. 5.) Then on the new proposed response deadline, Defendants filed their motion to dismiss (Docket no. 7). The joint motion is **GRANTED** and the motion to dismiss is accepted as filed.

Plaintiff Expo Fresh, LLC, a distributor of agricultural products, brings claims under the Perishable Agricultural Commodities Act (PACA) against Western Repacking, LLLP and two other Defendants, Lipman-Portland, LLC and Produce Exchange, Inc., alleged to be its agents. The dispute concerns the sale of about $162,000 worth of fresh tomatoes delivered to Defendants but allegedly not paid for. Expo Fresh also brings

supplemental state law claims. Defendants contend the tomatoes were contaminated with salmonella; thus, they were properly recalled and were commercially worthless.

Defendants moved to dismiss or stay this action, citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 (1976), on the grounds that a substantially similar earlier-filed case is pending in state court. Defendants have asked the Court to take judicial notice of records in the state court action. Expo Fresh does not oppose Defendants' request for judicial notice, but rather accepts the documents as authentic and in part bases its arguments on them. Authentic court records from related proceedings are appropriate for judicial notice under Fed. R. Evid. 201, *see In re B Squared, Inc.*, 654 Fed. Appx. 268, 269 (9th Cir. 2016), and the request is **GRANTED**.

In the state court action, *Western Repacking, LLP v. Expo Fresh LLC*, 37-2016-00021943-CU-BC-CTL, filed June 28, 2016, Western Repacking sued Expo Fresh for Expo Fresh filed a cross-complaint on September 13, 2016. Expo Fresh initiated this case on July 25, 2016, after the complaint was filed in the state case, but before the cross-complaint was filed.

**Legal Standards**

The Supreme Court has recognized that under extraordinary circumstances, federal courts may stay cases involving questions of federal law where a concurrent state action is pending in which the identical issues are raised. *Colorado River*, 424 U.S. at 815 (1976).

Abstention is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989) (explaining that abstention remains the exception, not the rule). Typically, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Colorado River*, 424 U.S. at 813. The Court made clear in *Colorado River* that "[g]enerally . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

2

16cv1881-LAB (BLM)

jurisdiction." *Id*. at 817. Application of this doctrine is discretionary, not mandatory. *Smith v. Central Ariz. Water Conservation Dist*., 418 F.3d 1028, 1033 (9th Cir. 2005). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

The Court also identified a number of factors that federal courts may take into account in deciding whether or not to invoke the abstention doctrine in extraordinary circumstances, mindful that there is no rule requiring federal court abstention in a given case. Those factors include: (1) whether either court has assumed jurisdiction over any property at issue; (2) possible inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) and the order in which jurisdiction was obtained by the concurrent forums. *See id*. at 818. Since *Colorado River* was decided, the Court has added two more factors that bear on the abstention question: whether state or federal law controls and whether the state proceeding is adequate to protect the parties' rights. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 23–27 (1980).

Courts may also consider whether selection of the federal forum was an attempt at forum shopping. *Am. Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988). The source of governing law, whether state or federal, may also be a factor. *See R.R. Street & Co., Inc. v. Transport Ins. Co*., 656 F.3d 966, 980–81 (9th Cir. 2011). While the presence of state law issues will rarely be sufficient alone to warrant abstention, "the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses Cone*, 460 U.S. at 26.

No one factor is determinative, and judgments should take into account both the obligation to exercise jurisdiction and the combination of factors weighing against the exercise of jurisdiction. *Colorado River*, 424 at 818–19. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

But this doctrine applies only where the cases are sufficiently parallel. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). The two cases need not be identical;

they need only be substantially similar. *Id.* This is a threshold question, and a requirement — not one of the factors to be weighed. *Moses Cone*, 460 U.S. at 28 ("[P]arallel state-court litigation [must] be an adequate vehicle for the complete and prompt resolution of the issues between the parties."); *Fierle v. Perez*, 350 Fed. Appx. 140, 141 (9th Cir. 2009) (citing *Nakash*, 882 F.2d at 1416).

**Discussion**

The claims in both cases arise from the same or related events, but are based on different produce orders and involve somewhat different parties. The state court action involves Western Repacking suing Expo Fresh under six state-law theories. In the cross-complaint, Expo Fresh sues Western Repacking under six state-law theories, and also adds a claim for enforcement of a PACA trust. In this action, Expo Fresh sues Western Repacking under the same seven theories — but also adds Lipman-Portland and Produce Exchange as Defendants. The value of the unpaid orders is different in the two cases. In the state action, Expo seeks damages for Western Repacking's order, whose value was estimated at a minimum of $54,688. (Docket no. 7-4 (Counterclaim), ¶¶ 7, 23, 32, 39, 42.) In this case, Expo Fresh gives a higher estimate for the value of the produce Western Packing ordered, $65,540.[1] (Am. Compl. ¶ 11, 46.) But it also adds $27,144 worth of produce Lipman-Portland ordered, and $68,974 that Produce Exchange ordered (*id.*), for a total value of over $161,658. (*Id.*, ¶ 25, 27, 36, 41, 43.)

Defendants are correct that the claims against each of them are similar in nature, and are related, but they are not the same claims. Each Defendant is alleged to have placed orders and taken delivery of tomatoes, and then not paid for them on the grounds that they were contaminated. The claims are related in that Expo Fresh was party to all three oral contracts and the alleged contamination of each of the three orders may be related. But each of the three unpaid orders gave rise to a different claim.

---

[1] The higher estimate may be due in part to interest or finance charges on unpaid amounts. (*See* Am. Compl. ¶ 13.)

Defendants have argued that Expo Fresh's state counterclaim was compulsory. But in fact, only its claims against Western Repacking was compulsory in the state action. Under California law, a defendant must assert in a cross-complaint "any related cause of action he has against *the plaintiff*" and failing to do so means it "may not thereafter in any other action assert against *the plaintiff*" the related but unpleaded cause of action. Cal. Civ. Proc. Code. § 426.30(a) (emphasis added). Claims against parties other than the plaintiff are not compulsory. *See* Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 6:525. Even if Expo Fresh *could have* added Lipman-Portland and Produce Exchange as cross-defendants in the state action, *see* Cal. Code. Civ. P. 428.20, it was not required to, and did not.

While the claims in the two proceedings are similar, it does not appear they are "substantially similar," because it is doubtful the state proceedings will resolve this case. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 913 (9th Cir. 1993) (holding the parallelism requirement "is not met if there is 'a substantial doubt as to whether the state proceedings will resolve the federal action.'") The state proceedings will only resolve Expo Fresh's claims against Lipman-Portland and Produce Exchange if Expo Fresh fails to prevail on its counterclaim against Western Packing on a basis that clearly also applies to its claims against the other two Defendants. This might happen, for example, if some finding is made that all of Expo Fresh's tomatoes were either contaminated or all tomatoes it sold were subject to recall for some other reason. Even if the tomatoes Expo Fresh sold to Western Packing were contaminated, or were properly recalled, however, it is not apparent why that should be so with regard to the other tomatoes. Of course it is also possible Expo Fresh could lose on some other basis, or could prevail. In either of the latter situations, the state proceedings would not resolve Expo Fresh's claims against Lipman-Portland and Western Packing. At this stage, it is impossible to know which of these will happen, so there is substantial doubt that the state proceedings will resolve most of the claims in this case.

/ / /

Defendants cite *Nakash* as holding that the cases can be substantially similar even if the parties are different. But in *Nakash* the parties in the federal action were all parties to the state action, and furthermore were all related. 882 F.2d at 1416–17. *Nakash*, moreover, cited with approval the holdings of other circuits declining to abstain because either different defendants were named, *id.* at 1416 (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984)), or because the federal action included a cause of action not in the state suit. *Id.* (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir.1986)). While the complaint in this case cursorily alleges that Lipman-Portland and Produce Exchange were Western Packing's agents, it does not allege they are related in the same way as in *Nakash*. In their briefing, Defendants only go so far as to represent that the two are "associated with" Western Packing. (Mot. To Stay at 7:16–19.)

The problem here is that even assuming the two other Defendants are very closely related to Western Packing and that claims against them arose out of a single oral contract, there is no suggestion that Western Packing is liable for Lipman-Portland's or Produce Exchange's failure to pay for the tomatoes. More tomatoes and more money are at issue in this case than in the state case. And even assuming Expo Fresh prevails in its state case, it will still recover about $100,000 less than it is asking in this case. The effect of abstention would be equivalent to dismissal of Expo Fresh's claims against Lipman-Portland and Produce Exchange.

Because the Court finds the "substantially similar" requirement is not met here, neither abstention nor a stay is appropriate.

Even assuming the proceedings were sufficiently parallel, however, the Court would not abstain. As noted above, abstention is an extraordinary action. The Court has reviewed and considered Defendants' analysis of the *Colorado River* factors. While some of them weigh in favor of abstention, as a whole they do not weigh strongly enough in favor of either an abstention or stay to warrant a departure from the Court's usual obligation to exercise its jurisdiction.

**Conclusion and Order**

Because *Colorado River* abstention is appropriate only in narrow and exceptional circumstances, which the Court finds are not present here, the motion to stay or abstain is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 11, 2017

Hon. Larry Alan Burns
United States District Judge